1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT P. MCCOWAN,                     No. C 13-0407 RS (PR)

                 Plaintiff,             **ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND**

         v.

G. HEDRICK, et al.,

                 Defendants.

_____/

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a). **On or before August 1, 2013, plaintiff shall file an amended complaint addressing the deficiencies detailed herein.**

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his jailors at Salinas Valley State Prison violated his (1) First Amendment rights by opening a piece of mail he sent to his attorney; and (2) due process rights when they denied his inmate grievance related to the mail. The complaint is dismissed with leave to amend because it contains many serious deficiencies. First, it is not clear whether plaintiff fully exhausted his inmate grievances regarding either claim. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of

Corrections and Rehabilitation.  *See* 15 Cal. Code Regs. § 3084.5.  In his amended complaint, plaintiff must show that he fully exhausted his administrative remedies as to **both** claims.  Any claim not fully exhausted will be dismissed.

Second, plaintiff has failed to state a First Amendment claim against any specific person.  Plaintiff must <u>name</u> the person or persons responsible for the alleged constitutional violations.

Third, plaintiff names G. Hedrick, Warden, as a defendant, but fails to state any claim against him.  In his amended complaint he must state a specific claim against Hedrick, or drop him as a defendant.  Plaintiff is cautioned about naming a person who acted only as a supervisor, rather than a direct participant in the alleged acts.  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Failure to allege sufficient facts on this point will result in the dismissal of Hedrick as a defendant.

Fourth, it is not a violation of due process simply to deny an inmate grievance. Plaintiff must allege facts that he was denied due process, not just that he failed to achieve the result he sought.

Accordingly, the complaint is DISMISSED with leave to amend.  **On or before August, 1, 2013, plaintiff shall file an amended complaint addressing the deficiencies detailed herein.**  The first amended complaint must include the caption and civil case number used in this order (13-0407 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  June 24, 2013

_____
RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California