1

2                                                              *E-Filed 6/2/14*

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9

10  VINCENT PRICE MCCOWAN,            No. C 13-0407 RS (PR)

11           Plaintiff,               **ORDER OF SERVICE;**

12      v.                            **ORDER DIRECTING DEFENDANTS**
                                      **TO FILE DISPOSITIVE MOTION OR**
13  B. HEDRICK, et al.,               **NOTICE REGARDING SUCH**
                                      **MOTION;**
14           Defendants.

15  _____/         **INSTRUCTIONS TO CLERK**

16

17                        **INTRODUCTION**

18          This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

19  prisoner.  In response to plaintiff's second amended complaint (Docket No. 23), defendants

20  are directed to file a dispositive motion or notice regarding such motion on or before

21  September 15, 2014, unless an extension is granted.  The Court further directs that

22  defendants are to adhere to the notice provisions detailed in Sections 2.a and 10 of the

23  conclusion of this order.

24                         **DISCUSSION**

25  **A.     Standard of Review**

26          A federal court must conduct a preliminary screening in any case in which a prisoner

27  seeks redress from a governmental entity or officer or employee of a governmental entity.

28

United States District Court
For the Northern District of California

*See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

 A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1) that a right secured by the Constitution or laws of the United States was violated, and    (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

 Plaintiff alleges that Pelican Bay State Prison (1) correctional officer A. Avalos, in 2012, filed a false disciplinary report against him, thereby violating his due process rights; (2) nurse Divina Druz sexually harassed him by asking to see his penis, thereby violating his Eighth Amendment rights; and (3) law librarian and various correctional officers mishandled his legal mail.

 Claim 1, when liberally construed, appears to state a claim under § 1983.  Claim 2 is DISMISSED <u>without</u> leave to amend.  A single instance of verbal harassment, such as the one alleged in the present complaint, does not implicate the Eighth Amendment's strictures against the sexual abuse of prisoners.  *See Austin v. Williams*, 367 F.3d 1167, 1171–72 (9th

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

Cir. 2004) (upholding summary judgment dismissal of an Eighth Amendment claim in which a prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds and never physically touched prisoner).  Because Claim 3 involves different defendants and facts than the other claims, it is DISMISSED without prejudice and without leave to amend.  *See* Fed. R. Civ. P. 15 and 20.  If plaintiff wishes to pursue Claim 3 in this Court, he may do so by filing a separate civil rights action.  Plaintiff names B. Hedrick, the Warden of Pelican Bay, as a defendant, but fails to allege any claims against him.  Accordingly, B. Hedrick is DISMISSED as a defendant in this action.  A. Avalos is the sole defendant in this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon Correctional Officer A. Avalos at Pelican Bay State Prison.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2.      No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion

that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

United States District Court
For the Northern District of California

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.     A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). **Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED:  June 2, 2014

_____
RICHARD SEEBORG
United States District Judge