*E-Filed 7/17/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 13-0407 RS (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT;** |
| v. | |
| A. AVALOS, | **ORDER DENYING MOTION TO DISQUALIFY** |
| Defendant. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. Plaintiff's third amended complaint has been served on defendant, who is to file a dispositive motion on or before October 15, 2014.

Plaintiff since has filed an amended complaint (Docket No. 33), which the Court construes as a motion (1) for leave to file an amended complaint, and (2) to disqualify the judge presiding over this action. Both motions are DENIED.

**I. Motion for Leave to File an Amended Complaint**

By way of his amended complaint, plaintiff seeks to raise dismissed claims. Because plaintiff fails to provide sufficient reason to revive such claims, his motion for leave to file an

amended complaint is DENIED.

## II.     Motion to Disqualify

Plaintiff moves to disqualify the presiding judge for reasons the motion does not make clear.  The Court infers that plaintiff asserts that the presiding judge is prejudiced and biased against him, as evidenced by the judge's failure to rule in his favor on his motions and requests.  A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.  Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief.  *See* 28 U.S.C. § 144.  Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter.  *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 868.  Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well.  *Sibla*, 624 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of prejudice and bias.  Merely ruling against plaintiff is not sufficient to show prejudice or bias, however.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); *Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").  In sum, plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and, consequently, are insufficient as a matter of law.  Accordingly, plaintiff's motion to disqualify is DENIED.

**IT IS SO ORDERED**.

DATED:  July 17, 2014

_____
RICHARD SEEBORG
United States District Judge