*E-Filed 11/4/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 13-0407 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| A. AVALOS, et al., | |
| Defendants. | |

## INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff, a state prisoner proceeding pro se, claims that A. Avalos, a prison guard at Salinas Valley State Prison and the sole remaining defendant in this action, violated his due process rights by filing a false disciplinary report. Defendant Avalos moves for summary judgment, and has provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc). For the reasons stated herein, the motion is GRANTED in favor of Avalos as to all claims.

## BACKGROUND

The following factual allegations are undisputed. In April 2012, defendant Avalos filed a report against plaintiff for indecent exposure after allegedly seeing him masturbate in front of her. In May, a disciplinary hearing was held on the resulting charge. Plaintiff was given prior notice of the hearing, a copy of the report, the services of an investigator, and the opportunity to call witnesses and to present evidence. He refused to attend the hearing, however, and therefore presented no witnesses or evidence. He was found guilty of the charge and assessed a 90 day forfeiture of good time credits. The prison then provided him a written report of the ruling, and instructions on how to appeal the decision. (Def's. Mot. for Summ. J. ("MSJ") at 3.)

Plaintiff thereafter filed a grievance against Avalos (Log Number SVSP-L-12-02141) in June 2012. (*Id.* at 5.) When it reached the second level of review, an interviewer, Sergeant Correa, attempted to talk to plaintiff about this grievance, but he refused to participate in the interview or cooperate with Correa. Plaintiff's grievance was cancelled because he refused to participate in the necessary grievance process. He did not appeal the cancellation of his grievance or attempt to refile it.[1] (*Id.* at 5–6.)

In his suit, plaintiff alleges that defendant Avalos violated his due process rights by filing a false report which then resulted in a disciplinary hearing and a loss of credits. Defendant moves for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before filing this suit. She also moves to dismiss his allegations on grounds that they fail to state a claim for relief. Plaintiff offers the following statement regarding whether he exhausted his claims: "Petitioner [*sic*] has executed [*sic*] his grievance process and he would never circumvent, or avoid, the appeal[]s coordinator's office, when he is addressing very important issues … that's always rejected." (Docket No. 64 at 2.)

---

[1] In a separate grievance filed in April 2012 against another prison employee, plaintiff stated that he intended to file a petition against Avalos, but he provided no specific allegations against her. (MSJ, Medina Decl., Ex. B at 2.)

# DISCUSSION

## I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II. Exhaustion

Defendant moves for summary judgment because the plaintiff failed to exhaust his administrative remedies before filing this suit. Prisoners must exhaust their administrative remedies properly before filing suit in federal court. "No action shall be brought with respect

to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and is no longer left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  The PLRA exhaustion requirement mandates "proper exhaustion" of all available administrative remedies.  *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  15 CCR § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal:  (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR.  *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009).

If the inmate refuses to be interviewed or to cooperate with the interviewer, the appeal may be cancelled.  15 CCR § 3084.6(c)(8).  Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation.  *Id.* § 3084.6(e).  A cancelled appeal does not exhaust administrative remedies.  *Id.* § 3084.1(b).

Defendants have presented evidence that plaintiff failed to exhaust his administrative remedies prior to filing this suit.  Such evidence shows that his jailors cancelled his grievance prior to the final stage of exhaustion because he failed to participate in the necessary processes, informed him of the decision, and provided instructions on how to appeal the cancellation.  This evidence also shows that plaintiff did not appeal the cancellation or file another grievance regarding Avalos.

Plaintiff has not met his burden under Rule 56 to set out specific facts showing a genuine dispute for trial.  That is, he has not <u>specifically</u> disputed defendant's evidentiary

No. C 13-0407 RS (PR)
ORDER GRANTING DEF'S. MOT. FOR SUMM. J.
4

assertions that he failed to exhaust his claims in this action. Rather, he offers a generalized statement that he "has executed his grievance process and he would never circumvent, or avoid, the appeals coordinator's office when addressing very important issues . . . that's always rejected."[2] This is too vague (and confusing) to satisfy Rule 56's specificity requirement, especially in light of the highly specific evidence presented by defendant. *See Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 780 (9th Cir. 2010) (nonmoving party's opposition was too vague to meet rule 56's specificity requirement in view of the detailed evidence contained in the movant's papers). Merely saying in a conclusory fashion that he exhausted the grievance process and that he, as a general matter, would never avoid the process, is not sufficient. Without specific details about what he filed, what level his grievance reached, what decisions his jailors issued, etc., the Court cannot tell whether he complied with the prison's grievance process requirements, which define the boundaries of proper exhaustion, *Jones v. Bock*, 127 S. Ct. 910, 923 (2007). His statement, then, is not a statement (or evidence) that he attempted to, or that he did indeed, exhaust his claims against Avalos prior to filing suit. Defendants, then, have presented evidence, which plaintiff has not disputed successfully, that plaintiff failed to exhaust his administrative remedies. Even if plaintiff had exhausted his administrative remedies, his allegations fail to state a claim, as discussed in the next section.

### III. Due Process

Plaintiff alleges that Avalos violated his right to due process by falsely reporting that he masturbated in front of her. He does not allege, however, that he failed to receive due process at his hearing on the charge of indecent exposure.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949,

---

[2] Immediately following this statement, plaintiff directs the reader's attention to exhibits. These exhibits are grievance forms detailing his complaints about prison mail, and do not relate at all to the issues in this case. (Docket No. 64, Ex. A.)

No. C 13-0407 RS (PR)
ORDER GRANTING DEF'S. MOT. FOR SUMM. J.

5

951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984). A false charge that results in discipline that does not amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), is not actionable under § 1983 if it does not implicate another constitutional right (e.g., the First Amendment right to be free of retaliation). *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *see, e.g., id.* at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*).

Under these standards, plaintiff's allegations that Avalos filed a false report, even if true, do not state a claim under section 1983. Furthermore, he has made no allegation (much less a showing that there is a genuine dispute of material fact) that he did not receive due process at his hearing or at any other time, or that any other constitutional right was implicated by Avalos's actions.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 55) is GRANTED in favor of defendant Avalos as to all claims. The Clerk shall enter judgment in favor of Avalos, terminate Docket No. 55, and close the file.

**IT IS SO ORDERED**.

DATED: November 4, 2015

RICHARD SEEBORG
United States District Judge